**CITY OF STANLEY, North Dakota, Plaintiff and Appellee,**

v.

**Monroe D. EARSLEY, Defendant and Appellant.**

**Cr. No. 900101.**

Supreme Court of North Dakota.

Dec. 17, 1990.

Jonathan R. Byers, Stanley, for plaintiff and appellee, submitted on brief.

Schoppert Law Firm, Minot, for defendant and appellant, argued by Thomas K. Schoppert.

GIERKE, Justice.

Monroe Earsley appeals from a County Court judgment of conviction for actual physical control with a blood alcohol con-

tent of over .10%.[1] We affirm.

On December 19, 1988, Officer Allan Beehler received a radio dispatch indicating that there was a possible drunk driver traveling on U.S. Hwy. # 2 westbound from Blaisdell to Stanley and was given the license number of the vehicle. Officer Beehler saw the vehicle in the westbound lane, followed it and activated his red lights. The vehicle parked on an approach. When Officer Beehler approached the vehicle, he ascertained that the driver was Earsley, observed that the keys were in the ignition and he detected an odor of alcohol on Earsley's breath. Earsley failed oral sobriety tests and was arrested for actual physical control of a motor vehicle while under the influence of intoxicating liquor. Thereafter, he was transported to the Stanley Hospital for a blood test. The blood test result showed that Earsley had a blood alcohol content of .31% and was introduced into evidence.

On appeal, Earsley argues that the results of his blood test should not have been admitted into evidence because the State failed to show that the test was fairly administered and because the State allegedly used perjured testimony by way of affidavit to show compliance with the State Toxicologist's directions. He requests a new trial.

■ Blood sample test results are admissible under Section 39–20–07, N.D.C.C., only after the proponent establishes fair administration of the test. Fair administration may only be established through proof of compliance with the State Toxicologist's directions which go to the scientific accuracy of the test or through expert testimony establishing the scientific accuracy of the test. *Schwind v. Department of Transportation,* 462 N.W.2d 147, (N.D. 1990).

The State Toxicologist has drafted a 9–step process for collecting and submitting blood samples. *State v. Schwalk,* 430

N.W.2d 317, 322 (N.D.1988). As part of the 9–step process for blood sample collections, the State Toxicologist requires the use of a "non alcoholic, non volatile skin disinfectant". This requirement was explained in a memorandum issued by the State Toxicologist on July 25, 1988 to "Emergency Room Supervisors", which stated in relevant part:

> "[O]ur recommendation was to use a 'non alcoholic, non volatile skin disinfectant'. Aqueous solutions of chlorhexidine povidone iodine, quaternary ammonium compounds, germicidel soaps, etc. are quite satisfactory for this purpose and fit the description of 'non alcoholic, non volatile skin disinfectant'. In fact, any disinfectant or antiseptic solution marketed for this purpose that does not contain low boiling alcohols like ethyl, methyl, propyl, isopropyl, etc. and volatile organic compounds like ether, chloroform, benzene, acetone, etc. is suitable."

■ David Schiele, the medical lab technician who collected Earsley's blood sample, stated in his affidavit dated December 6, 1989 that he scrupulously complied with the State Toxicologist's directives for blood sample collection by following these methods: "(c) that a non-alcoholic, non-volatile skin disinfectant known as Zephirin [sic] Chloride was used." This evidence goes to the State's showing that the blood test was fairly administered. Earsley failed to offer any evidence to contradict the evidence of fair administration of the test under Section 39–20–07, N.D. C.C. The trial court may properly refuse to allow evidence of a test report not "properly obtained and fairly administered" if there is evidence that establishes either defect. *State v. Vetsch,* 368 N.W.2d 547, 549 (N.D.1985). Compare, *Glaspey v. Backes,* 462 N.W.2d 635 (N.D.1990), where we reversed the judgment of the district court upholding the administrative suspension of Glaspey's drivers license.[2]

---

1. The jury found Earsley guilty of actual physical control of a motor vehicle while under the influence of intoxicating liquor. The error in the notice of appeal is technical and does not affect its validity.

2. In *Glaspey* the medical lab technician acknowledged that she didn't know if the skin disinfectant used was non-alcoholic. We held that the State's failure to show that the blood sample was drawn in accordance with the State

Accordingly, the trial court properly admitted the test results into evidence. If Earsley wished to discredit the test results with evidence that the Zephiran Chloride contained alcohol, it was his responsibility to produce such evidence at the time of trial. *See, Pladson v. Hjelle*, 368 N.W.2d 508, 513 (N.D.1985). We conclude that the blood test was shown to be fairly administered and that the trial court, therefore, did not err in allowing the blood test result into evidence.

■ After the trial in this case, Earsley moved for a new trial, alleging that the prosecutor, Jonathan Byers, submitted perjured testimony and showed that in an earlier trial (*State v. Wenker*, Criminal # 6548) before the same trial judge, Rick Wanderi of the State Toxicologist's Office testified that the Zephiran Chloride solution contained alcohol. However, it contained a small quantity of alcohol which would not interfere with the test that is run in the State Toxicologist laboratory. He further testified that Zephiran Chloride is a form of benzalkonium chloride which is listed as a quaternary ammonium compound. The use of quaternary ammonium compounds is permitted according to the State Toxicolo-

gist's July 25, 1988 memorandum. The simple fact that the Zephiran Chloride solution used in *State v. Wenker* contained alcohol does not necessarily mean that the Zephiran Chloride solution in this case contained alcohol.

We conclude that Earsley has not shown that the prosecutor or the medical technician presented perjured testimony regarding the Zephiran Chloride solution used in this case.

Because Earsley was not foreclosed from showing scientific unreliability of the test report at the trial and because the trial court did not abuse its discretion in admitting the test results the judgment of conviction is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.

---

Toxicologist's directive for use of a non-alcoholic disinfectant rendered the test results inadmissible.